## Swearing in State Treasurer and Auditor General.

*Public officers—Swearing in of State officers—Judges—Administration of oath by judges not resident of the State capital—Act of June 7, 1923.*

1. The administration of an oath is a ministerial duty, not one involving the exercise of judicial discretion, and may be performed outside of the district in which the officer performing the same is required to reside.

2. Judges are State officers, and they may, although not resident in the capital, administer the oath of office in Harrisburg to the State Treasurer and the Auditor General upon induction into office.

3. The provision of the Administrative Code of June 7, 1923, P. L. 498, authorizing the Secretary of the Commonwealth to administer all oaths to State officers required to be administered in the performance of their duties, is permissive and not obligatory.

Department of Justice.   Opinion to Hon. Samuel S. Lewis, Auditor General.

CAMPBELL, First Dep. Att'y-Gen., April 29, 1925.—This department has your request for an opinion as to the authority of the President Judge of the Court of Common Pleas of York County to administer the oath of office to you at Harrisburg upon your assumption of the duties of State Treasurer, to which office you have been elected, and also as to the authority of the judge of the Orphans' Court of Washington County to administer the oath of office at Harrisburg to Edward Martin on the assumption by him of the office of Auditor General, to which he has been elected.

Article VII, section 1, of the Constitution provides that all State officers shall, before entering on the duties of their respective offices, take and subscribe an oath or affirmation, the form of which is therein given. It also provides as follows: "The foregoing oath shall be administered by some person authorized to administer oaths, and in the case of State officers, . . . shall be filed in the office of the Secretary of the Commonwealth. . . ."

Section 43 of the Act of March 30, 1811 (Pennsylvania Statutes, § 929), provides that the Auditor General shall, before entering upon the duties of his office, take the oaths or affirmations of office agreeably to the directions of the Constitution. Section 1 of the Act of May 9, 1874 (Pennsylvania Statutes, § 20152), requires the State Treasurer, before he enters upon the duties of his office, to take the oath or affirmation of office agreeably to the direction of the Constitution. There is no statutory direction as to how, when or where such oath shall be administered, provided it is administered prior to the assumption of the duties of the office, and there is no provision of the statute specifying who shall administer the oath.

Section 703 *(a)* of the Administrative Code (of June 7, 1923), P. L. 498, authorizes the Secretary of the Commonwealth to administer all oaths to State officers required to be administered in the performance of their administrative duties. This provision is permissive and not obligatory.

There being no statutory provision directing who shall administer these oaths of office, the constitutional provision that it shall be done by one "authorized to administer oaths" is the only guidance we have in determining that question.

There is no doubt but that a judge is authorized to administer oaths; it is a common law prerogative of both Common Pleas and Orphans' Court judges made statutory, in part, by section 1 of the Act of March 21, 1772, 1 Sm. Laws, 387, as amended by the Act of April 3, 1895, P. L. 32.

But is a judge authorized to administer an oath at a place outside of his judicial district unless he is called thereto, in the manner specified by statute, to perform judicial functions?

Swearing in State Treasurer and Auditor General.

Judges are State officers (Buckley *v.* Holmes et al., 259 Pa. 176; Com. ex rel. *v.* Hyneman, 242 Pa. 244; Com. *v.* Dumbauld, 97 Pa. 293; Leib *v.* Com., 9 Watts, 200); these oaths are to be administered to officers of the Commonwealth and, in this instance, are to be administered at the State capitol. The administration of an oath is a ministerial duty, not one involving the exercise of a judicial discretion, and may be performed outside of the district in which the officer performing the same is required to reside: Com. *v.* Kurz et al., 14 Dist. R. 741, 744.

I am, therefore, of the opinion that the President Judge of the Court of Common Pleas of York County and the judge of the Orphans' Court of Washington County are authorized to administer the oath of office to you as State Treasurer and to Edward Martin as Auditor General, respectively, at the State capitol in Harrisburg, upon induction into office.

From C. P. Addams, Harrisburg, Pa.